## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**ANGEL NAVARRO**

**v.**                                                    **C.A. No.  09-223 ML**

**ASHBEL T. WALL, et al.**

### REPORT AND RECOMMENDATION

*Pro se* plaintiff, Angel Navarro, an inmate detained at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint") on May 13, 2009 complaining about the conditions of his confinement.  Presently before the Court is plaintiff's motion to dismiss three of the eleven named defendants, presumably pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Rule 41(a)") regarding voluntary dismissal of actions (Docket # 36).  In this motion, plaintiff requests the Court dismiss ACI Chief Inspector Aaron Aldrich, Special Investigation Unit Chief Investigator Robert Catlow, and Special Investigation Unit member Steven Cabral (the "Three Defendants") as defendants in this action.  No objections have been filed to plaintiff's request for dismissal.  This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons stated below, I recommend that the motion be granted.

### BACKGROUND

The following background is based on the allegations in plaintiff's complaint.  Plaintiff states that, as a result, in part, of testifying against a police officer and being labeled an informant, he has enemies at the ACI.  He complains however, that he has been refused Protective Custody.  He also states that he is suffering mentally from the stress of living in fear. With respect to the Three Defendants, plaintiff alleges that they violated his rights by failing to adequately investigate his situation.

### DISCUSSION

In the instant motion, plaintiff requests the Court dismiss the Three Defendants because he "believe[s] that these defendants did their job."  Motion to Dismiss, ¶ 2.  Rule 41(a)(2) provides that a court has discretion to order the dismissal of an action at the plaintiff's request. Further, Rule 41(a)(2) directs that such dismissal shall be without prejudice unless the order states otherwise.

Here, although plaintiff's claims against the Three Defendants appear to be based on an Eighth Amendment failure to protect theory, he fails to state a cognizable claim against them. An inmate may state a claim against a prison official under the Eighth Amendment for the failure to afford adequate protection from attack by another inmate if the plaintiff demonstrates that (1) the deprivation he suffered was objectively serious and (2) the defendant official knew of and disregarded a substantial risk of serious harm to the plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 828-40, 114 S.Ct. 1970 (1974). However, although plaintiff alleges he was in fear of attack because the Three Defendants did not adequately investigate his complaints, he does not allege that he suffered any objectively serious injury as a result of the Three Defendants' alleged actions. Further, plaintiff now states that the Three Defendants did their job, and, thus, they did not disregard a substantial risk of harm to plaintiff.

Accordingly, I recommend that plaintiff's motion for voluntary dismissal be GRANTED, and recommend that Aldrich, Catlow, and Cabral be DISMISSED, with prejudice, as defendants in this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
March 23, 2010

2